## The Carey-Lombard Lumber Company v. William H. Burnet et al.

1. MECHANIC'S LIENS—*Taking Other Security—What Amounts to.*—A lumber company sold lumber to a person, supposing him to be the owner of the ground on which it was to be used, and took his note for the amount due for such lumber. On discovering their error they immediately filed a claim for a mechanic's lien, against the true owner of the property, but at a later day obtained judgment on said note. *Held*, that the action of the lumber company in taking judgment on the note with knowledge of the facts, amounted to taking additional security and forfeited their lien.

**Bill for Foreclosure,** and answer setting up mechanic's lien. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

COWEN & HOUSEMAN, attorneys for appellant.

OLIVER & MECARTNEY, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The question here is whether the appellant, under the law as it stood before the revision of June 26, 1895, has a mechanic's lien, and it arises upon the report of a master, as follows—copying from the abstract:

" That on or about August 20, 1891, one A. E. Case, representing himself to be the owner of said premises, applied to said lumber company for it to furnish lumber and building material to be used in the building on said premises; that thereupon a verbal contract was entered into, and lumber was furnished which actually went into and became part of the building, commencing on August 20, 1891, and ending December 31, 1891, to the total amount of $2,072.05, upon which should be credited for lumber returned, $12.60, leaving unpaid $2,059.45. There was an implied agreement that said material should be paid for when entirely delivered.

On May 10, 1892, said lumber company filed a claim for lien with the clerk of the Circuit Court, No. 4,746, showing commencement and completion of said delivery, as shown just above, containing also a correct description of the property, and the amount due said company from Ella L. Cady, said claim being duly verified by an affidavit; that Ella L. Cady knew of the delivery of said lumber from time to time, and watched the same as it was going into and becoming part of the building. I find that she is therefore estopped from denying that the purchase of said lumber was authorized by her and for her benefit; that the furnishing of material under said claim should be considered as ending on December 31, 1891, and not on April 23, 1892; I find that the lumber company did not know that Ella L. Cady (and not A. E. Case) was the owner of the premises until the day said claim for lien was filed. Some time prior to December 31, 1891, said A. E. Case verbally agreed with said lumber company that he would pay for the material within thirty, sixty or ninety days after the delivery. I find that this amounts to an extension of the time of payment, being before all the material was delivered, and operated as such valid extension of the time of payment to ninety days after December 31, 1891, and that therefore said claim for lien filed on May 10, 1892, was filed in due time; that A. E. Case, on December 10, 1891, gave his note to said company for said material; that said company still relied on his statement that he was the owner, and believed that he was the owner; and on account of this belief I find that the taking of the note should not be considered as the taking of outside security, and hence not a waiver of the lien; however, on May 13, 1892, three days after said company had ascertained that Ella L. Cady was the owner of the premises, said company obtained judgment on said note against said Case; that the taking of said judgment three days after knowledge that Ella L. Cady was the owner, puts the company in the position of taking outside security; that therefore said company has no lien upon the interest of Ella L. Cady in said premises, everything else being proved to maintain such lien."

The court concurred with the master, denied the claim of the appellant, and this appeal is from the decree so denying.

The appellant cites a couple of Pennsylvania cases, the application of which to this case we could not determine without reference to the statutes of that State. To those statutes no allusion is made in the brief of the appellant, and we can not be expected to search for them.

To our minds the conclusion of the master is right. Coleman's Mechanic's Liens, Sec. 199.

The decree approving his report is affirmed.